UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVE CRENSHAW,

    Plaintiff,

vs.                                    Case No.:

SWISHER INTERNATIONAL, INC.
a foreign profit corporation,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, STEVE CRENSHAW, by and through his undersigned counsel, and hereby sues Defendant, SWISHER INTERNATIONAL, INC., and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331.

2. Venue lies within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to this claim arose in this Judicial District.

### ADMINISTRATIVE PREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff CRENSHAW timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relation (FCHR), a copy of which is attached hereto as Exhibit "A."

5. More than 180 days have passed since the filing of the charge.

1

6. Plaintiff CRENSHAW has received the Notice Right to Sue from the EEOC, a copy of which is attached hereto as Exhibit "B."

7. This lawsuit has been filed within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. Plaintiff, STEVE CRENSHAW (hereinafter, "CRENSHAW"), is a resident of Clay County, Florida.

9. Defendant, SWISHER INTERNATIONAL, INC. (hereinafter, "SWISHER"), is a Connecticut profit corporation authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

10. Plaintiff CRENSHAW began his employment with Defendant SWISHER on or around March 1, 2003.

11. At the time of his termination, giving rise to this cause of action, Plaintiff CRENSHAW was Director of Network Services.

12. Plaintiff CRENSHAW's duties as Director of Network Services were to direct the operations of network infrastructure and the help desk.

13. In 2015, Plaintiff CRENSHAW's supervisor, Vice President of Information Technology (hereinafter, "VP of IT") Brian Horton was replaced with Eric Tewey.

14. In March 2016, Plaintiff CRENSHAW was hospitalized due to diverticulitis.

15. Around that time, Defendant SWISHER did engage in the interactive process with Plaintiff CRENSHAW and provided him with reasonable accommodations for his disability (diverticulitis).

16. However, in early 2017, Michael Sprague was hired as Director of Infrastructure, a new position which was created for him, and became Plaintiff CRENSHAW's supervisor while

also taking over some of Plaintiff's job duties.

17. Michael Sprague is estimated to be in his twenties or thirties.

18. In 2018, Daniel Rhoden was hired as Director of Network Architect. He took over much of Plaintiff CRENSHAW's remaining job duties.

19. Daniel Rhoden is estimated to be in his thirties.

20. Eric Tewey told Plaintiff CRENSHAW that Rhoden was hired to perform Plaintiff's job in case he wasn't around due to his illness.

21. Prior to Sprague and Rhoden joining, Plaintiff CRENSHAW received positive performance evaluations.

22. However, after Sprague became Plaintiff CRENSHAW's supervisor, Plaintiff began to receive only "average" performance reviews.

23. On or around June 14, 2018, Sprague called Plaintiff CRENSHAW into a meeting with HR Representative Patricia Pittman and Head of Security Boyd Bryant, along with coworker Stanley Martin, who was 48 years old on this date. After ushering Plaintiff and Martin into the room, Sprague hastily left.

24. HR Rep Pittman advised Plaintiff CRENSHAW and Martin that they were both being terminated.

25. The reason Pittman gave Plaintiff CRENSHAW and Martin for their termination was that the "team" was not meeting expectations and projects were not being completed timely.

26. However, Plaintiff CRENSHAW and Martin were not part of the same "team."

27. Prior to his termination, Plaintiff CRENSHAW was never disciplined, nor did he receive any notice of any performance issues or "coaching" to improve his alleged poor performance.

28. Plaintiff CRENSHAW was 46 years old at the time of his termination.

## COUNT I
## AGE DISCRIMINATION - FCRA

29. Plaintiff realleges and adopts Paragraphs 1-28 as if set out in full herein.

30. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

31. By the conduct describe above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his age in violation of the Florida Civil Rights Act.

32. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages and therefore prays for the following relief:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Punitive damages;

   f. Costs and attorneys' fees;

   g. For any other relief this Court deems just.

## COUNT II
## AGE DISCRIMINATION - ADEA

33. Plaintiff realleges and adopts Paragraphs 1-28 as if set out in full herein.

34. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act (ADEA).

35. By the conduct describe above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his age in violation of the ADEA.

36. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages and therefore prays for the following relief:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Liquidated damages;

   e. Costs and attorneys' fees;

   f. For any other relief this Court deems just.

## COUNT III
## DISABILITY DISCRIMINATION - FCRA

37. Plaintiff realleges and adopts Paragraphs 1-28 as if set out in full herein.

38. At all times material hereto, Defendants were employers of Plaintiff, the employee, under the law.

39. By terminating Plaintiff, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, because the Defendants regarded him as having a disability, and/or because of Plaintiff's record of having a disability, in violation of the Florida Civil Rights Act.

40. Defendants failed to provide Plaintiff reasonable accommodations for his disability.

41. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages and therefore prays for the following relief:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Costs and attorney's fees;

  g. Punitive damages; and

  h. Any other relief this Court deems just and equitable.

## COUNT IV
## DISABILITY DISCRIMINATION - ADA

42. Plaintiff realleges Paragraphs Plaintiff realleges and adopts Paragraphs 1-28 as if set out in full herein.

43. At all times material hereto, Defendants were employers of Plaintiff, the employee, under the law.

44. By terminating Plaintiff, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his known disability, because the Defendants regarded him as having a disability, and/or because of Plaintiff's record of having a disability, in violation of the Americans with Disabilities Act.

45. Defendants failed to provide Plaintiff reasonable accommodations for his disability.

46. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages and therefore prays for the following relief:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages;

  e. Pecuniary and non-pecuniary losses;

  f. Costs and attorney's fees;

  g. Punitive damages; and

  h.  Any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED this 20th day of May 2019.

        FLORIN ROEBIG, P.A.

        _/s/ Thomas D. Roebig, Jr._

        **THOMAS D. ROEBIG, JR., ESQUIRE**
        Florida Bar No.: 0651702
        **PARKER Y. FLORIN, ESQUIRE**
        Florida Bar No.: 0127139
        **TAYLOR D. ROEBIG, ESQUIRE**
        Florida Bar No.: 1002817
        Primary Email: TDR@FlorinRoebig.com
        Secondary Email: PFlorin@FlorinRoebig.com
               Lisa@FlorinRoebig.com
        777 Alderman Road
        Palm Harbor, Florida 34683
        Telephone No.: (727) 786-5000
        Facsimile No.: (727) 772-9833
        Attorneys for Plaintiff